UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. DANIELS, | ) | CASE NO. 1:13CV1044 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Nancy Vecchiarelli (Doc. No. 17) with respect to plaintiff Michael Daniels's request for judicial review of defendant Commissioner of Social Security's denial of his request for a period of disability ("POD"), his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, and his claim for supplemental security income ("SSI") under Title XVI of the Act. The R&R recommends affirmance of the Commissioner's decision. Plaintiff has filed objections to the R&R (Doc. No. 18), and defendant has filed a response to the objections (Doc. No. 19). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts and adopts the R&R, affirms the Commissioner's decision, and dismisses this case.

**I. BACKGROUND**

The R&R accurately and thoroughly recounts the procedural history and the factual background as evidenced from the record. (*See* R&R at 611-21.) No objections have been filed with respect to this background. It is, therefore, adopted by the Court.

For the sake of context, it is helpful to know that, at the alleged disability onset date (January 31, 2009), plaintiff was 48 years old, although by the time of the administrative hearing (November 16, 2011), he was 51. He alleged disability due to tendinitis in the shoulders, migraines, back and right knee problems, difficulty sleeping, and an inner ear problem. (Tr. [Doc. No. 14] at 257.)[1] The ALJ concluded that plaintiff had the following impairments: degenerative disc disease of the cervical and lumbar spine, a right rotator cuff injury, and headaches; however, those impairments did not meet the severity required by the Listing of Impairments in the Social Security regulations. (*Id.* at 70.) The ALJ further determined that plaintiff had the residual functional capacity ("RFC") to perform a range of light work, with certain restrictions. (*Id*. at 71.) Plaintiff had at least a high school education and was able to communicate in English. His past relevant work was as a construction worker, but he could no longer perform that work. (*Id.* at 75.) The ALJ ultimately concluded that plaintiff was "not disabled" because, "[c]onsidering [his] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." (*Id*., citations omitted.)

## II. DISCUSSION

**A.     Standard of Review**

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the

---

[1] All page citations in this opinion are to the Page ID# assigned by CMECF.

decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley v. Sec'y of Health & Human Servs.*, 393 F.3d 115, 117 (6th Cir. 1994)) (further quote omitted).

If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**B.     Plaintiff's Objection**

Plaintiff raises one objection to the R&R, specifically, as to its conclusion that the Administrative Law Judge ("ALJ") complied with the treating physician rule when rejecting the opinion of plaintiff's treating physician, Dr. Tomsik.

At step five of the five-step sequential evaluation process for determining whether an individual is disabled (20 C.F.R. §§ 404.1520(a) and 416.920(a)) the ALJ stated:

> The claimant has the residual functional capacity to do a range of light work. 20 CFR 404.1567(b) and 416.967(b). Specifically, he can lift, carry, push, or pull 10 pounds frequently and 20 pounds occasionally and can sit, stand and/or walk for 6 hours each in an 8-hour workday, with normal breaks. He can never use ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He can only occasionally work above shoulder level with the right arm, which is his dominant arm.

(Tr. at 71.) In reaching this determination, the ALJ found that plaintiff had "medically determinable impairments [that] could reasonably be expected to cause [his] symptoms," but

that, "based on a consideration of the entire case record[,]" plaintiff's assertions "concerning the intensity, persistence and limiting effects of these symptoms are not credible[.]" (*Id*. at 72.)

The ALJ reviewed all of plaintiff's medical records and outlined the treatment and medications plaintiff had received over the years. In that context, the ALJ specifically gave "considerable weight" to the opinion of Mehdi Sagnafi, M.D., who had performed a physical consultative examination on October 5, 2010, because "it is more consistent with the evidence as a whole." He gave "less weight" to the opinion of plaintiff's treating physician, Phillip Tomsik, M.D.,[2] "because the evidence of record including the treatment notes does not support it." (*Id.* at 72-74.)

The R&R notes that: "If this were all the ALJ had said about the evidence, the case would require remand." (R&R at 626.) But the R&R credits the ALJ's "lengthy discussion of the medical evidence[,]" which was "not merely a rote recitation of [p]laintiff's longitudinal history[.]" (*Id.* at 627.) The R&R then thoroughly recounts the following evidence considered by the ALJ, "which implicitly rejects Dr. Tomsik's opinion regarding [p]laintiff's physical limitations:

- At an October 2010 physical consultative examination by Dr. Saghafi, [p]laintiff did not need or use an ambulatory aid. An examination revealed that his back had no gross deformity and was tender to palpation, his reflexes were normal, there were no muscle spasms in the back, and straight leg raising was negative for spinal cord or nerve root impingement.

- Plaintiff was making progress at physical therapy and his rehabilitation potential was "good," but he failed to appear at two physical therapy appointments, cancelled two others, and then failed to return.

---

[2] Dr. Tomsik had opined that plaintiff would be capable of sitting three to four hours throughout an eight-hour workday, standing/walking for less than two hours in an eight-hour workday, and lifting ten pounds occasionally. (Tr. at 542-43.)

4

- X-rays of [p]laintiff's right shoulder on August 23, 2010, were normal.

- Plaintiff was not as limited as he claimed, as he was able to get around by riding a bicycle, he looked for work on the computer, and he could take care of his personal needs.

- Plaintiff found relief with Daypro, Lidoderm patches, and a heating pad. Cortisone and Kenalog injections helped with his shoulder pain.

- Plaintiff was able to do construction work – which he described as walking/standing for eight hours of the workday, handling large objects six hours of the workday, and lifting up to 100 pounds or more at times – despite his neck pain, back, pain, and migraines. Plaintiff's record did not contain evidence of "an intervening trauma or some other plausible explanation for such a decrease in his physical functioning." As a result, the ALJ concluded that Plaintiff's allegations of disabling physical symptoms and pain were not consistent with his most recent work history.

- Plaintiff testified that his medications caused dizziness and sweating, but his medical records failed to show that he informed his doctor of such side effects on a routine basis.

(R&R at 627-28, all internal citations omitted.) The R&R concludes that "the ALJ's opinion, taken as a whole, thoroughly evaluates the evidence and indicates the weight the ALJ gave it[,]" providing "sufficient basis for the ALJ's rejection of Dr. Tomsik's opinion[.]" (*Id*. at 626 (citing *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-71 (6th Cir. 2006).)

By way of objection, plaintiff argues that this evidence "is not sufficient to comply with the procedural requirements of the treating physician rule[,]" because the ALJ did not explicitly apply the factors set forth in 20 C.F.R. § 404.1527(c)(2). (Objections at 635.) He asserts that "the evidence cited by the Magistrate Judge does not sufficiently explain how the evidence weighs against assigning great weight to Dr. Tomsik's opinion." (*Id.* at 636.) He argues further that the evidence cited "does not conflict with Dr. Tomsik's opinion that [p]laintiff would be limited to a range of sedentary work." (*Id.*) On that basis, plaintiff asks this Court to reject the R&R, to reverse the Commissioner's decision, and to award benefits.

Plaintiff is effectively asking this Court to reweigh the evidence and make a *de novo* determination that he is disabled. That, however, is not the proper standard of review. This Court must affirm the Commissioner's decision if it is supported by substantial evidence in the record.

A treating physician's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). When the ALJ does not give controlling weight, he or she must give good reasons, *id.*, and must then apply certain other factors specified in the regulation, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion based on the record, the consistency of the opinion with the record as a whole, and whether the physician is a specialist. 20 C.F.R. § 404.1527(c)(2)(i) and (ii); § 404.1527(c)(3)-(5).

There is no magic language that an ALJ must use to show that he or she has considered the factors in 20 C.F.R. § 404.1527. Rather, the ALJ must set forth his or her supporting reasoning, based on evidence in the record, to allow for meaningful judicial review. *Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011) (the requirement that rejection of a treating physician's opinion always be supported by good reasons is "intended 'to let claimants understand the disposition of their cases'" and to "'permit[] meaningful' and efficient 'review of the ALJ's application of the [treating physician] rule'") (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004)). Furthermore, even if the ALJ had technically violated the treating physician rule by not giving "good reasons" for rejecting the treating physician's opinion, that violation "constitutes harmless error if the ALJ has met the goals of the procedural

requirement—to ensure adequacy of review and to permit the claimant to understand the disposition of his case—even though he failed to comply with the regulation's terms." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (citing *Wilson*, 378 F.3d at 547). "An ALJ may accomplish the goals of this procedural requirement by *indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Id.* (emphasis in original) (citing *Nelson*, 195 F. App'x at 470-72; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464-65 (6th Cir. 2005)). "Notably, courts look to the ALJ's decision itself, and not other evidence in the record, for this support." *Id*.

Here, it is clear from the ALJ's opinion that this was not a mere summary conclusion unsupported by record evidence. As properly pointed out by the R&R, "the ALJ's opinion, taken as a whole, thoroughly evaluates the evidence and indicates the weight the ALJ gave it." (R&R at 626.) The Court finds no error in this conclusion.

## V. CONCLUSION

For the reasons set forth herein, plaintiff's objection is overruled. The R&R is accepted and its reasoning adopted.

The decision of the Commissioner to deny plaintiff's claims for disability insurance benefits and supplemental security income is affirmed and this case is dismissed.

**IT IS SO ORDERED**.

Dated: March 27, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**